THE STATE OF NEW JERSEY v. CHRISTINE
CAPETTA, DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

Decided June 26, 1981.

*Lynne F. Stewart* for defendant.

*Samuel J. Metallo,* Assistant Prosecutor, for the State (*David Linett,* Somerset County Prosecutor, attorney).

MEREDITH, J. S. C.

This is a trial *de novo* on the record, in which defendant is appealing her conviction in the Manville Municipal Court of lewdness in violation of *N.J.S.A.* 2C:14–4.

The facts adduced at the hearing below were relatively straightforward. Defendant was employed as a dancer at the Polish American Home in Manville. On the night in question, three investigators from the New Jersey State Police Alcoholic Beverage Control Enforcement Bureau were present at this establishment. Two of them, Investigators Wolf and Smith, testified below, and their testimony, which was substantially in accord, was as follows.

Defendant performed her dance routine on a kind of stage, where she was observed by the investigators, who were seated at the bar along with almost all of the approximately 25 other patrons. Defendant was wearing white bikini panties and a scarf or handkerchief tied around her breasts, and on several occasions she pulled the scarf or handkerchief down, exposing both her breasts to the patrons. On one occasion after Investigator Wolf departed to summon the local police, defendant lowered the back portion of her panties and exposed her buttocks.

Upon completing her routine, defendant made her way around the bar. A number of patrons placed dollar bills on the bar. Defendant made her rounds picking up these dollar bills, and as she reached over and picked up each dollar, she lowered her top and allowed the contributing patron to touch her breast. Both of the investigators who testified placed their dollar bills on the bar and touched defendant's breasts when she lowered her top.

Investigator Wolf was a "little shocked" by what he had observed, and Investigator Smith described himself as "slightly shocked." Wolf in addition testified that he saw one elderly gentleman who "appeared" to be shocked, but admitted that this gentleman was still in the bar when he left to call the police. Both investigators agreed, though, that the patrons in the establishment approved of defendant's behavior.

The above facts constituted the State's entire case. The statute which defendant is charged with violating, *N.J.S.A.* 2C:14-4, provides in pertinent part that "a person commits a disorderly persons offense if [s]he does any flagrantly lewd and offensive act which [s]he knows or reasonably expects is likely to be observed by other nonconsenting persons who would be affronted or alarmed." The key phrase here for purposes of this appeal is the one focusing on the mental element, *i. e.*, "knows or reasonably expects is likely to be observed by other nonconsenting persons who would be affronted or alarmed." Even if it is assumed, for purposes of argument, that the acts complained of

were "flagrantly lewd and offensive" within the meaning of the statute, it is clear from a reading of the transcript that the State's proof is deficient with regard to the required mental element.

The unequivocal testimony below was that the patrons approved of defendant's actions. There was no testimony that anyone other than those present in the establishment observed or was likely to observe the performance. The old gentleman who appeared shocked to Investigator Wolf was evidently not shocked enough to depart the premises. If the investigators were affronted or alarmed, there was no way for defendant to know or reasonably to be expected to know that they were, since they put their money on the bar and willingly touched her proffered breasts. If anything, a reasonable person in defendant's position would interpret the investigators' conduct as signifying approval of her actions, as they, in a sense, solicited the very conduct which defendant was supposed to know would affront and alarm them. Since they were to all appearances willing participants, it is difficult to see how they could be perceived by defendant as nonconsenting persons who would be affronted or alarmed by her conduct.

Assuming, again, that the acts complained of were "flagrantly lewd and offensive," a different result might have obtained if, for example, there had been evidence adduced below that the bar enjoyed a varied and changing clientele, so that people who would be both unaware of the type of entertainment offered and affronted by the performance itself would be likely to see it. Testimony that patrons departed the premises in reaction to the proceedings or were visibly affronted would also presumably be sufficient to carry the State's burden of proof on the mental element of the offense.

There was, however no such evidence. Since the State clearly failed to prove beyond a reasonable doubt that defendant committed a lewd act which she knew or reasonably expected was likely to be observed by other nonconsenting persons who would

be affronted or alarmed, the court finds her not guilty of
lewdness in violation of *N.J.S.A.* 2C:14–4.